Robert H. Schafer
vs. } No. 59190
Thurston Manufacturing Co.

Robert H. Schafer
vs. } No. 65482
Thurston Manufacturing Co.

March 3, 1928

BLODGETT, J. Heard upon motions for new trial filed by defendant, after verdict of a jury for plaintiff for $622 in No. 59190 and $7781.08 in No. 65482.

The actions arose from an alleged breach of contract entered into by plaintiff and defendant.

The contract was in writing. Plaintiff entered into the employ of defendant for the term of two years as general manager of the business of defendant, a manufacturing corporation, under certain terms about which there is no dispute. The contract was in force between the parties for about seven months. In December 1923 the plaintiff was discharged by the defendant.

The main issue in this case, it being admitted that the defendant terminated the contract against the wishes of plaintiff, is whether the defendant was justified in this course.

This is the second trial, the verdict in the first trial being for the plaintiff upon the same issues. A new trial was granted by the Supreme Court by reason of error by the justice presiding at the first trial in his charge to the jury that the burden of proof of justification for breaking the contract was upon the defendant, and by reason of certain remarks made by the presiding justice during the trial which might be construed as prejudicial to the defendant. The testimony in the present case was similar to that in the former trial.

The justification for plaintiff's discharge was based upon plaintiff's absence from the plant, inefficient management, and language disrespectful to the president and owner of the plant, one Redinger. Mr. Justice Barrows, in the opinion filed upon the exceptions heard in the Supreme Court upon the language used by the plaintiff toward Redinger, says:

"When language used or an act done was admitted and explained by plaintiff, the question was properly submitted to the jury whether under all the circumstances sufficient cause existed to warrant plaintiff's discharge. This applies to the incident where plaintiff, in a conversation with Freitag, who had been sent to the plant by Redinger to watch plaintiff, said: 'If Redinger said that he is a d—d liar.'

*Dorrance v. Hooper*, 39 Am. & Eng. Ann. Cas. 1012.

Such language was quite as susceptible of interpretation as a reflection on Freitag's veracity as upon Redinger's. The setting of this incident clearly takes it out of that class of cases where unprovoked insolence or disrespect on the part of a servant toward his master or the master's representative occurring in connection with the duties of the servant, is ground for the discharge of the servant as a matter of law.

See note to *Dorrance vs. Hooper*, *supra*, at page 1016.

No error was made in denying defendant's motion that a verdict be directed in its favor. Exception 30 is overruled."

Later on Mr. Justice Barrows says:

"There was unquestionably evidence to support the verdict."

The jury was charged in the matter of burden of proof that such burden rested upon the plaintiff as to all issues involved, viz: as to incompetency, mismanagement, absence from the plant and insulting references to the owner.

Did the plaintiff meet this burden? The jury says he did.

Was the jury plainly wrong?

Redinger, the president, was the owner of the plant. He testified that he turned over the entire management of the manufacturing to the plaintiff.

Services of plaintiff began May 1, 1923. As early as July, 1923, friction began between Redinger and the plaintiff. Redinger cautioned plaintiff as to his absence from the plant for a certain period when plaintiff was on a western trip. Redinger considered the proper place for a general manager was at the

plant. The plaintiff testified he regarded this trip as necessary and for the best interest of the business, and that its inception was due to a conversation with Redinger, under his advice, and that Redinger spent a few days with him on this trip. The plaintiff further testified he was in constant communication with the plant on this trip by letter and otherwise, and that the manufacturing end was in competent hands, and that the records of the corporation, if produced, would show this. It is evident from the testimony that Redinger and the plaintiff disagreed upon what course was for the best interest of the corporation. Redinger insists in his testimony that the entire conduct of the business of the corporation rested with the plaintiff as general manager. Redinger was the real owner of the corporation and held the majority of the capital stock. It was in his power at any time by the use of this control of the capital stock to have had the corporation define the duties of a general manager, and, if the plaintiff then insisted upon conducting the business otherwise to have discharged the plaintiff by a vote of the corporation. The plaintiff was discharged by Redinger December 13, 1923, and some time subsequently the corporation by vote ratified the action of Redinger, its president.

Another disagreement of a like nature occurred later.

It was about this time that Redinger employed one Freitag to enter the employ of defendant corporation. One of the duties of Freitag appears to have been watchful supervision of plaintiff and reports thereon to Redinger, and it is not difficult to see that this led to still more friction between plaintiff and Redinger, culminating in the explosion referred to when plaintiff received his final discharge.

The terms offered by Redinger to plaintiff upon entering the employ of the corporation were liberal, and the testimony shows that Redinger treated plaintiff very liberally in private matters. No records of the business of the corporation are produced by the defendant which disclose any incompetence or inattention on the part of plaintiff, but there is testimony which shows obstinacy on the part of plaintiff to continue to conduct the business upon lines which did not meet the approval of Redinger, the president of the corporation.

There is also testimony on the part of Freitag criticising the plaintiff as to certain details in the conduct of the manufacturing end of the business, which plaintiff attempts to show were unfounded in fact.

All these matters and issues were submitted to the jury and the Court cannot say the jury was wrong in its verdict.

Motions denied.

For plaintiff: George F. Troy.

For defendant: Cooney & Cooney.